| | | |
|---|---|---|
| PHILIP C. TOBIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00014-DBH |
| | ) | |
| KEVIN N. CUDDY, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON MOTION TO DISMISS AND REQUEST FOR DEFAULT JUDGMENT

In this action, Plaintiff Philip Tobin alleges that Defendant Kevin Cuddy violated Plaintiff's "due-process protections and his right to equal protection of the law, those rights having been denied him by the defendant under color of law in his capacity as a sitting judge in the Superior Court of Hancock County Maine." (Pl.'s Compl. ¶ II.)[1] (ECF No. 1.) Plaintiff seeks relief under 42 U.S.C. § 1983.

In response to Plaintiff's Complaint, Defendant filed a motion to dismiss. Through his motion, Defendant argues that the doctrine of absolute immunity bars recovery in this case. Plaintiff also filed a Request for Default Judgment.

Upon review of the pleadings, and after consideration of the parties' arguments,[2] the recommendation is that the Court deny Plaintiff's Request for Default Judgment, grant Defendant's motion, and dismiss Plaintiff's Complaint.

---

[1] *See also* Pl.'s Am. Compl. ¶ II. (ECF No. 9.) Following Defendant's filing of the Motion to Dismiss, Plaintiff filed an Amended Complaint, unaccompanied by a motion to amend. While the Amended Complaint is not properly before the Court given the lack of a motion to amend, if the Amended Complaint was before the Court, the recommendation would be the same because Plaintiff's material allegations remain the same.

[2] Defendant filed the Motion to Dismiss on February 6, 2014. Local Rule 7(b) provides: "Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." Plaintiff did not file written objection to the motion until April 21, 2014, more than 50 days after the date on which Plaintiff was required to file his written objection. Although

FACTUAL BACKGROUND

The facts set forth herein are derived from Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss.[3] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998). In addition, the Court can also consider documents the authenticity of which are not disputed by the parties, public records, documents central to Plaintiff's claim, and documents sufficiently referred to in the complaint. *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).

In May 2013, Defendant presided over a jury trial in which Plaintiff sought to recover on a breach of contract claim against Philip Barter. At the conclusion of the trial, Mr. Barter's counsel moved for judgment as a matter of law. Defendant reserved ruling on the motion, and submitted the case to the jury for determination. The jury found that the parties had a binding contract, and awarded Plaintiff $10,000 in damages.

Following the return of the jury's verdict, Defendant granted Mr. Barter's motion for judgment as a matter of law and entered judgment in favor of Mr. Barter. Defendant reasoned, in part, that Plaintiff had not established that the parties had the necessary meeting of the minds to form a binding contract. Defendant, therefore, effectively overturned the jury's verdict.

Plaintiff then appealed Defendant's decision to the Maine Supreme Judicial Court, sitting as the Law Court. Although the Law Court had not decided Plaintiff's appeal before Plaintiff commenced this action, the Law Court recently sustained Plaintiff's appeal. *Tobin v. Barter*, 2014 ME 51, __ A.3d __ (Apr. 1, 2014). The Law Court concluded that because a rational jury could

_____

Plaintiff filed the written objection late, because the recommendation had not issued at the time of Plaintiff's filing, Plaintiff's written objection was considered. However, the waiver provision of Rule 7(b) could provide an independent basis for granting the motion to dismiss. *NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1, 9 (1st Cir. 2002).
[3] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

have found that the parties formed a binding agreement, Defendant erred when he entered judgment notwithstanding the jury's verdict. 2014 ME 51, ¶ 11.

Without requesting leave of court, on March 6, 2014, Plaintiff filed an Amended Complaint that does not differ materially from Plaintiff's original complaint. On April 23, 2014, Plaintiff filed a request for default judgment.

## DISCUSSION

### A. Plaintiff's Request For Default Judgment

Plaintiff requests that the Court enter a default judgment as the result of Defendant's failure to file a response to Plaintiff's Amended Complaint. Federal Rule of Civil Procedure 15 provides that unless the opposing party consents to the amendment, a party must seek and obtain leave of court to file an amended complaint. Fed. R. Civ. P. 15(a)(2). The record reveals that Defendant did not consent to the amendment, nor did Plaintiff obtain the court's permission to amend the complaint. The Amended Complaint thus does not govern Plaintiff's claim, and Defendant was not obligated to file a response to the Amended Complaint. The original complaint remains the relevant pleading in the case. Plaintiff, therefore, is not entitled to the entry of a default judgment.

### B. Defendant's Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal if that party believes that the complaint fails "to state a claim upon which relief can be granted." In its assessment of the motion, the Court "must assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). Defendant contends that dismissal is appropriate because Plaintiff has failed to state a claim for which Defendant is not immune.

Plaintiff alleges that Defendant committed the wrongful acts in his capacity as a Superior Court Justice of the State of Maine. "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Rather, the immunity can only be overcome in two instances. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.* at 11-12 (citations omitted).

Here, Plaintiff does not allege that Defendant committed any act outside his official capacity. In fact, Plaintiff explicitly alleges that Defendant acted "in his capacity as a sitting judge in the Superior Court of Hancock County Maine." (Pl. Comp. ¶ II, ECF No. 1.) In addition, none of the alleged facts would support an argument that Defendant lacked jurisdiction to make the ruling about which Plaintiff complains. To the contrary, Rule 50 of the Maine Rules of Civil Procedure expressly authorized Defendant to enter judgment as a matter of law, including after the return of the jury's verdict. Me. R. Civ. P. 50(b). The motion, therefore, was plainly within Defendant's jurisdiction. Accordingly, the doctrine of absolute immunity bars Plaintiff's claim.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court deny Plaintiff's Request for Default Judgment, grant Defendant's Motion to Dismiss, and dismiss Plaintiff's Complaint.[4]

---

[4] In the event the Court adopts the recommendation, insofar as the Amended Complaint remains on the docket, to avoid any confusion as to whether any portion of Plaintiff's claim would remain pending, the Court might want to

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district county is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 24, 2014                         /s/ John C. Nivison
                                       U.S. Magistrate Judge

---

strike or dismiss the Amended Complaint.  If Plaintiff belatedly requests leave to amend, given the analysis set forth herein, the requested amendment would likely be futile.  *Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006) ("In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6).").