UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PHILIP C. TOBIN,                )
                                )
        Plaintiff               )
                                )
    v.                          )    1:14-cv-00014-DBH
                                )
KEVIN CUDDY,                    )
                                )
        Defendant               )

# ORDER ON MOTION FOR RECONSIDERATION AND
# ORDER ON MOTION TO AMEND

On April 24, 2014, this Court issued its Report and Recommended Decision on Plaintiff Philip Tobin's Motion for Default Judgment and Defendant Kevin Cuddy's Motion to Dismiss. Plaintiff now requests reconsideration of the Recommended Decision and leave to file an amended complaint.

After consideration of the parties' arguments and following review of Plaintiff's Proposed Amended Complaint, the Court denies Plaintiff's Motion for Reconsideration and denies Plaintiff's Motion to Amend.[1]

### PROCEDURAL HISTORY

In this action, which Plaintiff initiated on January 13, 2014, Plaintiff alleges that Defendant, a Maine Superior Court Justice, violated due process and equal protection when he entered judgment as a matter of law, pursuant to Rule 50 of the Maine Rules of Civil Procedure, on Plaintiff's breach of contract claim. Defendant entered judgment after the jury had returned a

---

[1] The Court referred Plaintiff's motions.

verdict in Plaintiff's favor. Defendant accepted service on January 22, 2014, and filed a Motion to Dismiss on February 6, 2014, in which motion Defendant asserted judicial immunity.

On March 6, 2014, Plaintiff filed an amended complaint, but did not include with the amended complaint a motion to amend. On April 21, 2014, Plaintiff opposed Defendant's Motion to Dismiss and filed a Motion for Default Judgment on April 23, 2014. In support of the Motion for Default Judgment, Plaintiff asserted that Defendant failed to answer timely the amended complaint.

On April 24, 2014, a Recommended Decision on the then pending motions was issued, in which decision the recommendation was (1) that the Court dismiss Plaintiff's complaint because the doctrine of judicial immunity bars Plaintiff's claim under 42 U.S.C. § 1983, and (2) that the Court deny Plaintiff's Motion for Default Judgment.[2] (Recommended Decision, ECF No. 12.)

On May 5, 2014, Plaintiff filed the Motion for Reconsideration (ECF No. 13) and the Motion to Amend (ECF No. 14) that are presently before the Court. Defendant opposes the motions.

**FACTUAL BACKGROUND**

Plaintiff's action is premised on the fact that Defendant, a Superior Court Justice, while presiding over a state court action brought by Plaintiff, improperly granted judgment as a matter

---

[2] Plaintiff does not presently contest the denial of his motion for default judgment. He does take issue, however, with the observation that his opposition to Defendant's Motion to Dismiss was tardy. (Motion for Reconsideration at 5-6.) Plaintiff supplies an affidavit attesting that he did not receive notice of the Motion to Dismiss through the mail and explains that he lives in a 24-unit apartment complex. (Affidavit of Philip Tobin, ECF No. 13-1.) Plaintiff corroborates his affidavit with a letter from the Acting Supervisor of the Ellsworth Post Office, who explains that mail is occasionally delivered to an incorrect location, and recommends the use of tracking services. (ECF No. 13-2.) To the limited extent the Recommended Decision, at footnote 2, observes that Plaintiff's tardy response to the Motion to Dismiss could serve as an independent basis for granting that Motion, Plaintiff's late response could be excused for cause.

2

of law in favor of Plaintiff's opponent after the jury returned a verdict in Plaintiff's favor.[3] As explained in the Recommended Decision, because Plaintiff's allegations do not offer a legitimate factual basis upon which a fact finder could determine that Defendant acted in a capacity other than as a Superior Court justice, or that Defendant acted in an absence of jurisdiction, judicial immunity bars Plaintiff's claim. (Recommended Decision at 4, citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991), and *Butz v. Economou*, 438 U.S. 478, 511 (1978)).[4]

In the motion for reconsideration and the motion to amend, Plaintiff attempts to overcome judicial immunity by alleging that Defendant acted outside of his judicial capacity or in the absence of jurisdiction. More particularly, Plaintiff contends that Defendant assumed the role of advocate for Plaintiff's opponent in the state court litigation and, thereby, effectively ceased acting as a judge.[5] Plaintiff cites several cases standing for the proposition that a judge must not take on the role of advocate for any party. (Motion for Reconsideration at 2-4, ECF No. 13; Proposed Amended Complaint at 2-4, ECF No. 14-1; Reply re. Motion to Amend at 1-3, ECF No. 18; Reply re. Motion for Reconsideration at 1-2, ECF No. 19.)[6]

## DISCUSSION

**A.    Motion for Reconsideration**

"Ordinarily, a motion for reconsideration is appropriate only if a moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the moving

---

[3]  Plaintiff commenced his action in this court while his appeal was pending. On appeal, the Maine Supreme Judicial Court sitting as the Law Court vacated Defendant's judgment and reinstated the jury's verdict. *Tobin v. Barter*, 2014 ME 51, __ A.3d __ (Apr. 1, 2014).
[4]  Although Plaintiff's initial attempt to amend his complaint was not allowed, the substance of the allegations contained in the proposed amended pleading that Plaintiff filed on March 6, 2014, were considered.
[5]  Plaintiff maintains that Defendant became an advocate when he concluded that Plaintiff's state court claim failed due to a lack of "mutuality of consent," which was a different basis than the asserted argument of the defendant in the state court action.
[6]  Plaintiff's Proposed Amended Complaint also would introduce a new allegation that Defendant harbored a bias against Plaintiff due to Plaintiff's pro se status in the state court action. (Proposed Amended Complaint at 4.) That allegation is conclusory and Plaintiff has not presented any factual basis to support an inference that Defendant's alleged judicial error was the product of bias toward pro se litigants.

3

party can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 97 (D. Me. 2009). Here, Plaintiff does not identify newly discovered evidence,[7] a change in the law, a manifest error of law,[8] or some other basis to conclude that the Recommended Decision would result in injustice.[9] Instead, Plaintiff simply reformulates his allegation that Defendant acted as an advocate in violation of standards governing judicial conduct.

While "a trial judge may not assume the role of an advocate," *State v. Curit*, 462 A.2d 1188, 1189 (Me. 1983), the consequence of a judge assuming the role of an advocate is not an abrogation of judicial immunity.[10] Instead, the legal consequence might be the vacation of a court order or judgment. *See*, *e.g.*, *Baker v. Peterson*, 67 Fed. App'x 308 (6th Cir. 2003) (per curiam). Nothing in Plaintiff's complaint (nor in his proposed amended complaint) plausibly suggests that Defendant acted in the absence of jurisdiction or other than in his judicial capacity.[11] The Motion for Reconsideration, therefore, is denied.

**B.     Motion to Amend**

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. When a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, an amendment is permitted with the opposing party's consent or with leave of court. Fed. R. Civ. P. 15(a)(2). In such a case,

---

[7] As new evidence, Plaintiff points to the Law Court's vacatur of Defendant's judgment. (Motion for Reconsideration at 4-5.) However, this Court previously took judicial notice of the Law Court's opinion in the Recommended Decision.
[8] Plaintiff asserts that it was a manifest error of law for Defendant to overturn the jury's verdict. (Motion for Reconsideration at 2-4.) That argument does not establish that this Court erred in recommending dismissal of Plaintiff's action on the basis of judicial immunity.
[9] Plaintiff argues that it would be unjust to conclude that he waived objection to the Motion to Dismiss based on the tardy filing of his response in opposition to the motion. This Court agrees that Plaintiff's recently filed affidavit establishes cause for his late opposition. See, note 2, above.
[10] Neither bad faith, nor malice will suffice to overcome judicial immunity. *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013). In addition, "grave procedural errors" are not enough. *Stump v. Sparkman,* 435 U.S. 349, 359, (1978)).
[11] If Defendant lacked jurisdiction to enter judgment in the state court litigation, then the money judgment for Plaintiff, reinstated by the Law Court on appeal, would be void.

4

the court is to grant leave "freely" when "justice so requires." *Id.* Leave to amend, however, is appropriately withheld when the proposed amendment would prove futile as a matter of law. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Plaintiff's attempt to characterize Defendant's conduct as "advocacy" does not alter the fact that Defendant's resolution of the Rule 50 motion was a judicial function for which Defendant is not subject to civil liability. Plaintiff's proposed amended complaint, therefore, does not differ fundamentally from the original complaint. Accordingly, Plaintiff's amended complaint would be futile.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's Motion to Amend (ECF No. 14), and denies Plaintiff's Motion for Reconsideration (ECF No. 13). Given the denial of the Plaintiff's Motion for Reconsideration, the recommendation remains that the Court deny Plaintiff's Request for Default Judgment, grant Defendant's Motion to Dismiss, and dismiss Plaintiff's Complaint.

## CERTIFICATE

Any objections to the Order denying the motion for reconsideration and the motion to amend shall be filed in accordance with Fed. R. Civ. P. 72.

## NOTICE

With respect to the recommendations made in this Order and in the Recommended Decision (ECF No. 12), a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

*So Ordered.*

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of July, 2014.